IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02527–DME–KMT

COLORADO CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

BROCK USA LLC,

    Defendant.

## ORDER

This matter is before the court on the "Joint Motion to Modify Scheduling Order to Stay Current Case Deadlines Pending Determination of Coverage Issues" (Doc. No. 55, filed March 30, 2012).

On September 27, 2011, Colorado Casualty filed a Complaint for Declaratory Relief against Brock requesting that the Court determine that Colorado Casualty has no duty to either defend or indemnify Brock in connection with an underlying action in British Columbia, Canada (the "Underlying Action."). On November 9, 2011, Brock responded to Colorado Casualty's Complaint and filed Counterclaims against Colorado Casualty seeking a declaratory judgment that Colorado Casualty owes defense and indemnity obligations in connection with the Underlying Action. In addition, Brock also asserted claims for breach of contract and bad faith

breach of insurance contract against Colorado Casualty.  The parties in the Underlying Action filed a stipulation to dismiss that case, and the Court entered a Consent Dismissal Order on February 15, 2012.  Brock filed an expanded Motion for Summary Judgment, which requests a ruling on the coverage issues presented by this case.  The Motion for Summary Judgment is not fully briefed, and Colorado Casualty states it will file both its Response to Brock's Motion for Summary Judgment and its Cross-Motion for Summary Judgment contemporaneously.  The parties request an order staying all case deadlines in the scheduling order pending a determination of Brock's Motion for Summary Judgment and Colorado Casualty's Cross-Motion for Summary Judgment[1] on the issue of insurance coverage obligations.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v. N. Am. Co.*,  299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Here, the parties agree that a stay is appropriate.  The parties state a stay will allow them to efficiently approach this litigation once the court rules on the critical issues of whether Colorado Casualty had a duty to defend and indemnify Brock.  Additionally, the parties argue a stay will abate expenses that would be incurred in connection with fact and expert discovery directed at the claims for common-law and statutory bad faith until this Court determines whether coverage is available under the insurance policies at issue in the first instance.  Thus, a stay of discovery favors both parties.  The court also considers its own convenience, the interests

of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result.

Therefore, it is

**ORDERED** that the "Joint Motion to Modify Scheduling Order to Stay Current Case Deadlines Pending Determination of Coverage Issues" (Doc. No. 55) is **GRANTED**. All discovery in this matter is **STAYED**, and all deadlines are **VACATED**. The parties shall status report within five days once the District Court issues its ruling on the parties' Motions for Summary Judgment setting forth the issues, if any, that remain in the case based on the Court's disposition of the coverage questions.

Dated this 3rd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge